IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

CARL GLOVER,

                Plaintiff,                                       No. CV-10-824-PK

      v.

MICHAEL J. ASTRUE, COMMISSIONER
of Social Security,                                       ORDER

                Defendant.

HERNANDEZ, District Judge:

        Magistrate Judge Papak issued a Findings and Recommendation (#29) on July 25, 2011, in which he recommended that the Court affirm the decision of the Commissioner to deny Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) to plaintiff.

        Plaintiff timely filed objections to the Findings and Recommendation. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1 - ORDER

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

I have carefully considered plaintiff's objections and have also reviewed the pertinent portions of the record *de novo*. I conclude that while some of the objections provide no basis to modify the Findings and Recommendation, there is one error requiring modification.

Plaintiff raises the following objections, previously raised before Magistrate Judge Papak: (1) the ALJ erred by failing to develop the record regarding plaintiff's anxiety and depression; (2) the ALJ erred by rejecting the opinion of plaintiff's treating physician; (3) the ALJ's reasons for rejecting lay witness testimony are invalid; and (4) the ALJ erred by failing to include a limitation, previously recognized by the ALJ in his decision, in his hypothetical to the vocational expert (VE).

Magistrate Judge Papak correctly concluded that the ALJ was under no obligation to further develop the record in regard to plaintiff's anxiety and depression. The record was sufficiently developed and without ambiguity. Similarly, Magistrate Judge Papak did not err in affirming the ALJ's rejection of the treating physician's opinion when that the opinion provided no objective findings. He also properly concluded that although the ALJ erred in failing to incorporate plaintiff's moderate limitation in concentration, persistence, and pace into the hypothetical the ALJ gave to the VE, a limitation expressly found by the ALJ, the error was harmless because the jobs identified by the VE effectively incorporated that limitation.

However, I agree that the Magistrate Judge erred in concluding that the ALJ's rejection of

2 - ORDER

the lay witness testimony was proper because the testimony was not supported by the medical evidence. The ALJ appears to have rejected the testimony of plaintiff's sister Nelda Fuller for two reasons: (1) she "parroted" plaintiff's allegations which were found to be not credible; (2) her testimony was not supported by the medical record. Tr. 19-20. Magistrate Judge Papak concluded that the ALJ improperly characterized Fuller's testimony as "parroting" because Fuller described independent observations of plaintiff's physical condition. Id. But, Magistrate Judge Papak concluded that the rejection of Fuller's testimony was proper because it was inconsistent with the medical record. Id.

In support, Magistrate Judge Papak relied on Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). In that case, the court noted that an ALJ must take lay witness testimony into account unless the ALJ gives reasons germane to the witness for discounting the testimony. Id. The Lewis court expressly stated that "[o]ne reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence." Id. But, as plaintiff noted in his opening memorandum in support of his appeal, there is no basis for concluding that a lay witness's testimony must be supported by objective medical evidence. Pltf's Mem. at p. 16. Bruce v. Astrue, 557 F.3d 1113 (9th Cir. 2009), a case cited by plaintiff, supports plaintiff's position:

> [n]or under our law could the ALJ discredit her lay testimony as not supported by medical evidence in the record. See, e.g., Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996) ("The rejection of the testimony of the claimant's family members because the claimant's medical records did not corroborate her fatigue and pain violates SSR 88-13, which directs the ALJ to consider the testimony of lay witnesses where the claimant's alleged symptoms are unsupported by her medical records.").

Id. at 1116 (quoting Smolen, 80 F.3d at 1289) (brackets omitted; emphasis originally in Smolen).

Although Bruce appears to contradict Lewis, a close look at Vincent v. Heckler, 739 F.2d

3 - ORDER

1393, 1395 (9th Cir. 1984), the case <u>Lewis</u> relied on, shows that <u>Lewis</u> expanded the law beyond <u>Vincent</u> to a point which conflicts with the relevant statute and regulations. In <u>Vincent</u>, the court considered the ALJ's rejection of certain lay testimony:

> Mary Manser, a former employee of Vincent's, testified that Vincent suffered serious mental impairment as a result of his second stroke. Additionally, Thomas Vincent testified that his father's second stroke had left him impaired. The ALJ did not discuss this testimony in his hearing decision. Once again, this omission does not require reversal.
>
> Although courts have upheld the use of lay testimony in some instances, <u>see</u> <u>Singletary v. Secretary of HEW</u>, 623 F.2d 217 (2d Cir.1980), it is not the equivalent of "medically acceptable ... diagnostic techniques" that are ordinarily relied upon to establish a disability. <u>See</u> 42 U.S.C. § 423(d)(3); <u>Hall v. Secretary of HEW</u>, 602 F.2d 1372 (9th Cir.1979). The ALJ properly discounted lay testimony that conflicted with the available medical evidence.

<u>Vincent</u>, 739 F.2d at 1395. The court's discussion of the issue and its citation to 42 U.S.C. § 423(d)(3) indicate that the lay testimony in <u>Vincent</u> went to whether the plaintiff had an impairment in the first instance; the testimony was not being evaluated as to the intensity, persistence, or limiting effects of symptoms produced by an impairment already established by the objective medical evidence.

Section 423(d)(3) of the Social Security Act provides, as it did at the time <u>Vincent</u> was decided, that a "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3); <u>see</u> <u>also</u> 20 C.F.R. §§ 404.1508, 416.908 ("Your impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs,

4 - ORDER

symptoms, and laboratory findings, not only by your statements of symptoms").  Thus, lay testimony offered in support of the existence of an impairment is, consistently with the statute and the regulations, properly rejected if it is not supported by the objective medical evidence. Vincent was consistent with the law.

 Following Vincent, Smolen considered, in 1996, whether an ALJ could reject testimony regarding the extent of a plaintiff's alleged symptoms from a demonstrated impairment because it was not supported by the medical evidence.  As indicated above in the quote from Bruce, the court held that the ALJ could not rely on an absence of medical evidence to discredit this type of testimony because that is precisely why the ALJ is required to consider the lay testimony in the first place.  Smolen, 80 F.3d at 1288-89.  As Smolen noted, Social Security Ruling (SSR) 88-13 directs the ALJ to consider lay witness testimony when "the claimant's alleged symptoms are unsupported by her medical records."  Id. at 1289.  And, although SSR 88-13 has been superseded, "the policy interpretations contained in that ruling were codified in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), and remain valid. See SSR 95–5p at *1."  Massey v. Comm'r, 400 F. App'x. 192, 194 n.1 (9th Cir. 2010) (holding that ALJ may not reject lay testimony solely because it is not supported by objective medical evidence).  Thus, Vincent, Bruce, and Smolen are consistent with the requirement that a claimant must establish an impairment by objective medical evidence.  They are also consistent with the claimant's right to establish, through the claimant's own testimony or that of a third party lay witness, that the claimant experiences symptoms, pain, or limitations beyond what might be expected from that impairment.  Lewis failed to appreciate the distinction between relying on lay testimony to establish an impairment versus relying on lay testimony to establish symptoms, pain, or limitations not based on the

5 - ORDER

medical evidence but caused by the impairment. As made clear in Smolen and Bruce, Lewis is not good law to the extent it states that an ALJ may reject lay witness testimony regarding symptoms, pain, or limitations caused by an impairment because that testimony is inconsistent with medical evidence.[1]

The ALJ found that plaintiff suffered severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease of the hips bilaterally, depressive disorder, and anxiety disorder. Tr. 15. The lay testimony of plaintiff's sister concerned the "trouble" plaintiff had in his hips, the pain down his legs, his ability to work for only a few minutes before requiring rest, his trouble dealing with customers face-to-face, and his anxiety even around family. Id. It is clear that the testimony did not go to the establishment of an impairment, but rather, went to the symptoms and limitations plaintiff experienced from his acknowledged impairments. Thus, contrary to the conclusion reached by Magistrate Judge Papak, the ALJ erred in rejecting the lay testimony because it was not supported by the medical evidence.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Generally, a later case cannot overrule earlier binding precedent absent an en banc decision. E.g., U.S. v. Easterday, 564 F.3d 1004, 1010 (9th Cir. 2009) (a panel opinion is binding on subsequent panels unless and until overruled by an en banc decision of this circuit), cert. denied, 130 S. Ct. 490 (2009). Here, however, even though Bruce is a subsequent decision, given Lewis's mistaken expansion of Vincent, and the fact that Smolen preceded Lewis, Lewis is not controlling precedent on this issue.

6 - ORDER

CONCLUSION

The Court ADOPTS in part Magistrate Judge Papak's Findings and Recommendation (#29). The decision of the Commissioner is reversed and remanded for additional proceedings.

IT IS SO ORDERED.

DATED this      20th      day of   September   , 2011.


 /s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge